Dwayne WEEKS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Nos. 516,2000, 525,2000.

Supreme Court of Delaware.

Submitted: Nov. 8, 2000.
Decided: Nov. 9, 2000.

Joseph M. Bernstein, Wilmington, Delaware, Adam L. Balick, Balick & Balick, Wilmington, Delaware, for Appellant.

Loren C. Meyers, Chief of Appeals Division, Department of Justice, Wilmington, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER, and STEELE, Justices, constituting the Court *en Banc.*

PER CURIAM.

This is an appeal from the Superior Court's denial of a second motion for postconviction relief in a capital murder case.

The Superior Court ruled that the defendant's guilty plea provided a sufficient factual and legal basis for the establishment of the necessary statutory aggravating factors for the jury's weighing determination in the punishment phase under Delaware's capital punishment procedure mandated by 11 *Del.C.* § 4209. We agree and affirm.

## I

The defendant, Dwayne Weeks ("Weeks"), together with a co-defendant, Arthur Govan ("Govan"), were indicted on charges of murder first degree and burglary arising out of the shooting deaths of Weeks' estranged wife and her companion, Craig Williams. Govan was separately tried and found guilty of two counts of murder first degree with a jury recommendation of the death penalty.[1] Following Govan's conviction, Weeks decided to enter pleas of guilty. After an extensive plea colloquy, the Superior Court accepted Weeks' pleas to one count of intentional murder and one count of felony murder. Thereafter, the court conducted a penalty hearing before a jury as provided by 11 *Del.C.* § 4209(b)(2).

At the conclusion of the penalty hearing, the jury determined the existence of certain statutory aggravating factors. Specifically, the jury found that both murders were committed during the commission of a burglary. *See* 11 *Del.C.* § 4209(e)(1)j. Second, the jury found that Weeks' conduct resulted in the death of two people— Gwendolyn Weeks and Craig Williams. *See* 11 *Del.C.* § 4209(e)(1)k. Finally, the jury determined, under 11 *Del.C.* § 4209(e)(1)h, that Weeks had "paid ... or had agreed to pay" Govan "for the killing of the victim[s]." The latter statutory aggravating factor was found to exist by eleven of the twelve jurors.[2] The jury concluded that the aggravating circumstances outweighed the mitigating circumstances as to each count of murder. Thereafter, the trial judge imposed on Weeks the death sentence. That sentence was upheld on appeal as not disproportionate. *See Weeks v. State,* Del.Supr., 653 A.2d 266 (1995).

After completion of his direct appeal, Weeks unsuccessfully pursued a petition for postconviction relief pursuant to Superior Court Criminal Rule 61, alleging ineffective assistance of counsel. Weeks continued his claim of ineffective assistance of counsel through a Habeas Corpus petition in the United States District Court for Delaware. The District Court denied relief and that ruling was affirmed on appeal. *See Weeks v. Snyder,* 3rd Cir., 219 F.3d 245 (2000). To date, Weeks has not sought certiorari to the United States Supreme Court from the ruling of the Third Circuit.

On October 27, 2000, Weeks filed a second Rule 61 petition in the Superior Court alleging that his death sentence should be vacated because Delaware's death penalty statute violates the Fourteenth Amendment Due Process Clause as interpreted in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Weeks also sought a stay of his execution, now set for November 17, 2000.[3] The Superior Court ruled that *Apprendi* did not apply to the facts of Weeks' case. This appeal followed.

## II

■ Weeks concedes that his guilty plea to the charge of Felony Murder and his

---

1. The trial judge did not accept the jury's recommendation but sentenced Govan to life imprisonment. That sentence was affirmed on appeal. *See Govan v. State,* Del.Supr., 655 A.2d 307 (1995) (ORDER).

2. The jury rejected by unanimous vote the existence of the statutory aggravating factor that the murder had been committed for pecuniary gain. *See* 11 *Del.C.* § 4209(e)(1)o.

The jury's vote was accepted by the sentencing judge.

3. Under Superior Court Criminal Rule 61(*l*)(7), the Superior Court is without authority to stay an execution for purposes of a second Rule 61 motion. This Court has the power to issue such a stay pursuant to Supr. Ct.R. 35(e) and that request has been made in connection with the present appeal.

plea to two counts of Murder involving two different victims automatically established the existence of two statutory aggravating factors: 11 *Del.C.* § 4209(e)(1)j (the murders were committed while the defendant was engaged in the commission of burglary) and 11 *Del.C.* § 4209(e)(1)k (the defendant's course of conduct resulted in the death of two or more persons). Weeks argues, however, that in light of *Apprendi,* the Delaware statute is unconstitutional because it "'remove[s] from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'"[4] By permitting the trial judge to find a statutory aggravating factor without being bound by a jury verdict on allegedly underlying issues of fact, Weeks argues that Delaware's sentencing scheme violates the Fourteenth Amendment Due Process Clause.[5]

■ We agree with the Superior Court that *Apprendi's* "due process" underpinnings render its application to Weeks highly questionable. Weeks pleaded guilty to three offenses which, *ipso facto,* provided a basis for a finding that two statutory aggravating factors resulted from his criminal conduct. Indeed, the jury was so in-

structed. By his plea of guilty, Weeks waived his right to a jury determination of the facts underlying those statutory aggravating factors and, in contrast to *Apprendi,* subjected himself to the maximum penalty without further factual findings.[6]

■ To the extent that Weeks' argument articulates a due process claim directed against Delaware's bifurcated capital punishment procedure, notwithstanding the effect of his guilty plea, we are not persuaded that *Apprendi's* reach extends to "state capital sentencing schemes" in which judges are required to find "specific aggravating factors before imposing a sentence of death." *Apprendi,* 120 S.Ct. at 2366 (citing *Walton v. Arizona,* 497 U.S. 639, 647–49, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990)). The aggravating factors set forth in § 4209 do not constitute additional elements of capital murder separate from the elements required to be established by the State in the guilt phase or, as here, admitted by the defendant as part of his guilty plea. Thus, the finding of an aggravating factor does not "expose the defendant to a greater punishment than that authorized by the jury's guilty verdict." *Apprendi,* 120 S.Ct. at 2365.

4. *Apprendi,* 120 S.Ct. at 2363 (quoting *Jones v. United States,* 526 U.S. 227, 252–53, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (Stevens, J. concurring)). The New Jersey statute at issue in *Apprendi* authorizes a separate proceeding (after a jury has found a defendant guilty of some statutory crime) in which the trial judge may impose an additional sentence beyond the maximum sentence prescribed for the underlying crime. *See Apprendi,* 120 S.Ct. at 2351, 2363. The judge may impose the additional sentence if he finds by a preponderance of the evidence that the defendant's purpose in committing the underlying crime was to intimidate the victim based on the victim's race, gender, religion, or the like. *See id.* The Supreme Court invalidated the statute because it found that the statute constituted an additional element of the underlying crime that must be submitted to a jury and proven beyond a reasonable doubt. *See id.* at 2363–66.

5. *See* 11 *Del.C.* § 4209. Delaware's death penalty scheme provides that the jury must report its "final vote" on "[w]hether the evi-

dence shows beyond a reasonable doubt the existence of at least 1 aggravating circumstance...." 11 *Del.C.* § 4209(c)(3). The trial court, "after considering the recommendation of the jury," must then establish the existence "beyond a reasonable doubt [of] at least 1 statutory aggravating circumstance." *Id.* § 4209(d)(1).

6. *See Apprendi,* 120 S.Ct. at 2363–64. Evidently, the consideration motivating the *Apprendi* Court in its decision was the fear that a defendant would not have notice of the full extent of the potential penalty from the face of the indictment. A defendant should not be subject to additional penalties beyond the prescribed maximum on the basis of additional elements that are not mentioned in the definition of the charged crimes and that are proven only by a preponderance of the evidence. *See id.* at 2356 ("The defendant's ability to predict with certainty the judgment from the face of the felony indictment flowed from invariable linkage of punishment with crime.") (citing 4 W. Blackstone, *Commentaries on the Laws of England* 369–370 (1769)).

We conclude that the Superior Court's denial of Weeks' motion for postconviction relief was correct and its judgment is affirmed. Our affirmance renders moot Weeks' motion for stay of execution under Rule 35(e).